UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADADAGRO VERNON FORBES (A-221-498-197),

Petitioner,

v.

TONYA ANDREWS, Warden of the Golden State Annex, et al.,

Respondents.

No. 1:26-cv-06107 TLN-CSK

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner Adadagro Vernon Forbes (A-221-498-197), a native and citizen of the Bahamas who is proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on a B2 visitor visa, and overstayed his visa. On April 7, 2026, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE"). This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends denying the petition for a writ of habeas corpus.

## I. BACKGROUND

Petitioner is a citizen and native of the Bahamas, who was admitted to the United States on or around September 12, 2018 on a B2 nonimmigrant visa as a visitor for pleasure. (ECF No.

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

1 at 6; ECF No. 8 at 1.) The visa authorized petitioner to remain in the United States until March 11, 2019, but petitioner overstayed his visa. (ECF No. 8 at 1.)

On March 31, 2026, petitioner was arrested by local law enforcement in Florida and charged with battery. (ECF No. 1 at 6.) On April 1, 2026, petitioner was arraigned in state court on his criminal charge and ordered release by the state court judge. (Id.) Local law enforcement contacted ICE on April 1, 2026, and the Department of Homeland Security conducted an initial custody determination of petitioner. (See id.; ECF No. 8-2 at 1-2.) On April 7, 2026, petitioner was detained by ICE after his release by local law enforcement. (ECF No. 1 at 6.) On May 22, 2026, petitioner's state court criminal case was dismissed; petitioner has no criminal history. (Id.) Petitioner has been transferred to multiple immigration detention facilities since his April 2026 detention. (Id.)

Petitioner requested a custody redetermination (bond) hearing before an immigration judge, and this hearing was scheduled for August 17, 2026. (ECF No. 8 at 1-2; ECF No. 8-4.) Petitioner does not dispute this, but argues that the hearing should have been scheduled earlier. (ECF No. 10.)

On August 3, 2026, petitioner filed the petition for writ of habeas corpus and a motion to appoint counsel. (ECF Nos. 1, 3.) On August 4, 2026, the district judge referred the matter to the assigned magistrate judge for further proceedings. (ECF No. 5.) On August 12, 2026, respondents timely filed an opposition to the petition, and on August 21, 2026, petitioner timely filed a reply.[2] (ECF Nos. 8, 10.) Briefing is now complete. (See Docket.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas

[2] Petitioner's reply is signed and dated August 17, 2026. (ECF No. 10 at 3.)

corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention).

Petitioner challenges his detention based on the violation of the Fifth Amendment procedural due process clause. (See ECF No. 1.) Respondents agree that petitioner is detained pursuant to 8 U.S.C. § 1226(a). (ECF No. 8 at 1, 3.) Respondents argue that because petitioner was already scheduled to receive a custody redetermination (bond) hearing before an immigration judge, petitioner has received the process due. (Id. at 3; ECF No. 8-4.) The Court agrees with respondents.

8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022). Under § 1226(a), the government makes an initial custody determination, and the noncitizen will be released upon a showing "to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding." Rodriguez Diaz, 53 F.4th at 1196 (citing 8 C.F.R. § 236.1(c)(8)). Section 1226(a) provides "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Id. at 1202. Therefore, "[i]f the noncitizen is detained under section 1226(a), she is entitled to a bond hearing." Labrador-Prato v. Noem, 2025 WL 3458802, at *3 (E.D. Cal. Dec. 2, 2025) (citing Jennings v. Rodriguez, 583 U.S. 281, 306 (2018)).

The record before the Court also indicates that § 1226(a) procedures were followed. DHS made the initial custody determination on April 1, 2026, and notice of its determination was provided to petitioner. (ECF No. 8-2 at 1-2.) Petitioner requested a custody redetermination hearing before an immigration, the request was granted, and petitioner was scheduled to receive a custody redetermination hearing on August 17, 2026.[3]

## IV. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be denied.
2. The Clerk of the Court be directed to enter judgment in favor of respondents and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that

---

[3] The record before the court does not indicate the result of the custody redetermination hearing. The Court notes that the ICE Online Detainee Locator does not return a result for petitioner, which may indicate that petitioner has been released. See https://locator.ice.gov/odls/.

failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 12, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/forb.6107.26.frs